## CRUGER v. DOCKSTADER.

(City Court of New York, General Term. March 2, 1900.)

TRIAL—DIRECTION OF VERDICT—RESIDENCE—STATUTE OF LIMITATIONS—EVIDENCE.
Where defendant relied on limitations as a defense to an action for services, and plaintiff's evidence showed that defendant had not been in the state for four or five years, except for a week or two each year, and that he had not registered or voted in the state, and had no fixed residence therein, the refusal to permit plaintiff to go to the jury on the question of defendant's residence and his absence from the state during the running of the statute was error.

Appeal from trial term.

Action by Rudolph Cruger against Lew Dockstader. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Abraham Levy, for appellant.

Victor J. Dowling, for respondent.

CONLAN, J. The action was brought to recover a certain sum as compensation for services, and the principal defense relied upon by the defendant was the statute of limitations. It was contended that the action was not brought within six years from the time the cause of action is alleged to have accrued. At the close of the plaintiff's case the defendant asked for the direction of a verdict on the ground that it appears from the pleadings that more than six years have elapsed since the time of the accruing of the cause of action; and the court said, "I think the burden is on the plaintiff to show that defendant has not been within the state." Under this ruling it became necessary to recall the plaintiff, who testified to the absence of the defendant from the state for a period far exceeding one year. In fact, the defendant is alleged to have stated to the plaintiff and his wife in 1895 that he (the defendant) had not been in New York for four or five years; and this is not contradicted other than by statements that he had passed a week or so of each year in New York. He had not registered or voted in the state since 1887, and had no fixed habitation or abode therein. His business was that of a traveling minstrel, and he was nearly all the time upon the road.

It is not enough that service could have, with diligence, been made upon him within the six years; and it has been held that the successive absences from a state can be accumulated, and the aggregate deducted from the period of limitation. Cole v. Jessup, 10 N. Y. 107. We are of the opinion, upon the whole case, that the plaintiff should have been permitted to go to the jury upon the question of the defendant's residence or abode, and of his alleged absence and presence within the state during the running of the statute, and that the refusal and direction of a verdict was error which calls for a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. FITZSIMONS, C. J., concurs.